William Brigden, as Executor, etc., of Marania A. P. Brigden, Deceased, Respondent, v. Charles H. Osmun, Appellant.

*Practice — submission of a case upon a mistake as to a fact — new trial.*

Where an executor brought an action to recover two sums of money alleged to be due to his testator's estate, and a defense was interposed that his testatrix had released both sums, and it appeared conclusively that one of the sums was paid by the executor himself after her death, and that the testatrix consequently had no knowledge of the existence of such claim, but by an oversight of the plaintiff's counsel that fact was not brought to the attention of the justice upon the trial, it was held that as to the claim based upon the sum paid by the executor, a new trial must be ordered unless the defendant stipulated to allow the sum in question.

Appeal by the defendant, Charles H. Osmun, from an order of the Supreme Court, made at the Cayuga Circuit and Special Term and entered in the office of the clerk of the county of Cayuga on the 15th day of February, 1895, granting the plaintiff's motion for a new trial upon the payment of the costs of the former trial and ten dollars costs of the motion.

On the 16th day of May, 1880, Milo Pierce, the father of the plaintiff's testatrix, died seized of about $30,000 worth of real and personal property, leaving a last will and testament, by the terms of which the plaintiff's testatrix, who was a daughter of the said Milo Pierce, was given a legacy of $500.

Thereafter the defendant represented to the plaintiff's testatrix that the will of the said Milo Pierce was invalid and entered into an agreement with her by which he undertook to prevent the probate of such will. By the terms of this agreement the defendant was to conduct the necessary litigation, the costs and expenses of which were to be advanced by the plaintiff's testatrix, and each of the parties was to have a one-half interest in the share to which the plaintiff's testatrix should be entitled after deducting said expenses and costs.

The defendant thereupon instituted proceedings to have the said will declared invalid, which resulted in a compromise being effected, by which the will was withdrawn from the surrogate's office, an administrator appointed, and an agreement entered into between the widow and all the heirs of the said Milo Pierce in pursuance of

which the testator's property was divided among such widow and heirs, and each agreed to pay their proportionate share of whatever deficiency might arise on the settlement of the testator's estate.

Under this agreement the plaintiff's testatrix received $6,400, half of which she paid over to the defendant.

Subsequently Hannah P. Gibson, one of the heirs of Milo Pierce, brought an action to set aside such agreement, alleging that she was an infant at the time such agreement was entered into, and that it was fraudulent and void as against her. She succeeded in that action, and, as a result, a judgment was entered, in pursuance of which the plaintiff's testatrix restored $1,800 of the sum which she had received from her father's estate.

Thereafter the administrator of the estate of Milo Pierce accounted, and it appeared thereon that there was a large deficiency, for $643.23 of which the plaintiff's testatrix was liable.

In the meantime the said Marania A. P. Brigden died, and the plaintiff, as her executor, paid her share of the deficiency and commenced this action to recover one-half of the amount of the moneys paid by his testatrix upon the Gibson judgment and one-half of the moneys paid by himself in liquidating that part of the deficiency of the estate of the said Milo Pierce for which his testatrix was liable.

*David M. Dean,* for the appellant.

*S. Edwin Day,* for the respondent.

LEWIS, J.:

The conclusion we have reached as to the proper disposition to be made of this appeal makes it necessary to state but a very few of the many facts which were fairly established by the evidence. The plaintiff's testatrix, during her lifetime, advanced and paid out the sum of $1,800, under circumstances which made the defendant liable to refund and pay to her one-half of said amount.

By an arrangement made between the widow and heirs at law of Milo Pierce, deceased, the principal part of his estate was divided between them. This division occurred before any judicial settlement of the estate had taken place. The testatrix was a daughter of the deceased, and as such received her proportion of the property so divided. The amount she received was $7,000. When the final

settlement of the estate was had, the assets remaining were not suffi-
cient to pay the debts.    The testatrix died after receiving the money
and before the final settlement of the estate was had.    The amount
which the estate of the testatrix was liable to pay to make up its
proportion of such deficiency was $643.23, which sum the plaintiff,
as executor, paid on the 25th day of November, 1892.    It was estab-
lished upon the trial that the defendant was legally liable to · the
plaintiff for one-half of the sum so paid.

Two causes of action were stated in the complaint.    The first was
for the $900 paid by the testatrix for the defendant.    The second
cause of action was for the one-half of the $643.23 paid by the plain-
tiff, as stated.    The testatrix died in the month of April, 1892.
The question, and the only question about which there was any
controversy upon the trial, was as to whether the deceased had,
during her lifetime, released and discharged the defendant from
any and all claims on account of the payment of said sums of
money.    Such a defense was not pleaded by the defendant, but,
notwithstanding his omission to interpose such a defense, the ques-
tion was litigated and the jury rendered a general verdict for the
defendant.    By the inadvertence and oversight of the plaintiff's
counsel the court's attention was not called to the fact which had
been assumed upon the trial, that the $643.23 was in fact paid by
the executor after the death of the testatrix; that she was not
aware of the existence of such a claim, and hence could not have
released and discharged the defendant therefrom.

The case, as settled, states that " payment of the sum of $643.23 by
plaintiff to William Pierce, administrator, etc., of the estate of Milo
Pierce, deceased, and that the same was paid on November 25, 1892,
were facts assumed on the trial."

It is the contention of the appellant's counsel that this statement
was not sustained by the evidence.    It was inserted in the case by
direction of the justice before whom the trial was held.    It was not
claimed in the complaint that the $643.23 was paid by the testatrix,
but, on the contrary, it was claimed to have been paid after her
death.    We assume, in deciding the appeal, that the fact was as
stated in the case.

Upon the attention of the trial court being called to this error, an
order was granted setting aside the verdict and granting a new trial

upon the payment by the plaintiff of the costs of the former trial and ten dollars costs of the motion. As to the claim of $900 paid by the testatrix during her lifetime, there would seem to be no good reason why the plaintiff should have a new trial. The jury found that the defendant had been released from any liability to pay that claim. As to the other claim, by the oversight and error of his counsel, the plaintiff was unjustly defeated, and is entitled to relief. The order should be affirmed, with ten dollars costs and disbursements, unless the defendant, within twenty days, gives to the plaintiff a stipulation consenting to allow judgment to be entered against him in said action for the sum of $321.61, with interest thereon from the 25th day of November, 1892, with costs of the action. If such stipulation be given, then the order appealed from should be modified accordingly, without costs of this appeal to either party.

BRADLEY and WARD, JJ., concurred; ADAMS, J., not sitting.